**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

HAMDELA LALAMDA,

               *Petitioner,*

v.

JOHN ASHCROFT, Attorney General,

               *Respondent.*

No. 03-1359

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A75-381-438)

Submitted: November 5, 2003

Decided: November 24, 2003

Before NIEMEYER and SHEDD, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Petition denied by unpublished per curiam opinion.

---

## COUNSEL

Rev. Uduak J. Ubom, UBOM, WHITE & ROBERTS, Washington, D.C., for Petitioner. Peter D. Keisler, Assistant Attorney General, Donald E. Keener, Deputy Director, Michelle E. Gorden, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Hamdela Lalamda, a native and citizen of Ethiopia, petitions for review from the Board of Immigration Appeals' ("Board") order dismissing his appeal from the immigration judge's order denying his application for asylum and withholding of removal. We deny the petition for review.

A determination that an alien is not eligible for asylum must be upheld unless that determination is "manifestly contrary to law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D) (2000). This Court will reverse the Board "only if 'the evidence presented was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution.'" *Rusu v. INS*, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting *Huaman-Cornelio v. Board of Immigration Appeals*, 979 F.2d 995, 999 (4th Cir. 1992) (internal quotation marks omitted)).

We find the evidence does not compel a finding that Lalamda established either past persecution or a well-founded fear of persecution.

The standard for receiving withholding of removal is "more stringent than that for asylum eligibility." *Chen v. INS*, 195 F.3d 198, 205 (4th Cir. 1999). An applicant for withholding must demonstrate a clear probability of persecution. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987). As Lalamda failed to establish entitlement to asylum, he cannot satisfy the higher standard for withholding of removal.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*